FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2018 AUG 10 AM 11:40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

OSCAR DOZIER, individually on
behalf of himself and other similarly
situated employees,

    Plaintiff,

v.

CASE NO. 3:18-cv-972-J-39MCR

**JURY DEMAND**

DBI SERVICES, LLC. a Foreign Limited
Liability Company,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Oscar Dozier ("Dozier"), on behalf of himself and other current and former employees similarly situated ("Class Members"), by and through his undersigned counsel, brings this action against Defendants, DBI Services, LLC ("DBI" or "Defendant"), a Foreign Limited Liability Company, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, reasonable attorneys' fees and costs, and to obtain declaratory relief.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3.    This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Duval County, Florida, located within the Middle District of Florida.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

6. At all times material hereto, Defendant was a Foreign Limited Liability Company with a principal place of business in Hazelton, Pennsylvania.

7. At all times material hereto, DBI regularly and continuously engages in business in Florida.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. Named-Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) has been attached hereto as **EXHIBIT A**.

11. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for

commerce including, *inter alia*, trucks and tools which were used directly in furtherance of Defendants' commercial activity of operating an infrastructure maintenance company.

15. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of providing maintenance services on highways that regularly facilitated the flow of interstate commerce.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

17. Defendant provides infrastructure operations and maintenance nationwide.

18. Defendant employs Technicians throughout its nationwide locations.

19. Defendant employs On-Call Technicians in several states.

20. Plaintiff worked for Defendant from approximately June 2014 to January 2018 through their Jacksonville, Florida location.

21. Plaintiff worked for Defendant as a non-exempt "On Call" Technician.

22. Plaintiff was compensated on an hourly basis.

23. Plaintiff performed general maintenance of highways and roadways.

24. Plaintiff's duties included cleaning drainage structures, repairing fences and road signs, and removing debris from roadways.

25. Defendant provided Plaintiff and other "On Call" Technicians with company vehicles.

26. Plaintiff and the other "On Call" Technicians were required to take their company vehicles home to assist them with "On Call" work.

27. Defendant maintains a "Daily Vehicle Inspection Report" (hereinafter referred to

as "Inspection Report") that applies to all of Defendant's Technicians.

28.     Defendant's Technicians, including Plaintiff, are/were required to complete Defendant's Inspection Report "before and after operation of any DBI Vehicle."

29.     Defendant's Technicians, including Plaintiff, are/were required to inspect 40 items listed on Inspection Report.

30.     Defendant's Technicians, including Plaintiff, are/were required to sign-off for completing their Inspection Reports before and after operation of the vehicle during each workday.

31.     Since Plaintiff, as an On Call Technician, took his DBI vehicle home, Plaintiff was required to complete the Inspection Report at home before and after operating his company vehicle.

32.     Despite the fact that Plaintiff was required to complete DBI's laborious Inspection Report twice each workday, Plaintiff was not compensated for this inspection time.

33.     Each inspection took at least twenty (20) minutes to complete.

34.     However, Defendant required Plaintiff to clock-in and clock-out once he arrived at Defendant's facility.

35.     Accordingly, Defendant required Plaintiff to work approximately forty (40) minutes off-the-clock each workday.

36.     Plaintiff worked in excess of forty (40) hours in various workweeks throughout the duration of his employment.

37.     Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all of the hours that he worked over forty (40) each workweek.

38.     Plaintiff should have been compensated at a rate that is one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) each workweek as

statutorily required by the FLSA for all of his overtime hours worked.

39. Defendant is in possession of Plaintiff's pay and time records.

40. Defendant has violated Title 29 U.S.C. § 207 in that:

   a. Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks throughout the duration of his employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours each workweek, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA;

41. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff and the Class Members are/were Defendant's On-Call Technicians and/or Technicians who maintained/parked their company vehicle at their respective homes.

43. Plaintiff and the Class Members are/were non-exempt employees of Defendant.

44. Plaintiff and the Class Members were, and are, all compensated at an hourly rate of pay.

45. Pursuant to Defendant's company policy, Plaintiff and the Class Members are/were required to complete Defendant's Inspection Reports—a process that regularly takes more than forty (40) minutes each workday—off-the-clock.

46. Defendants failed, and continue to fail to compensate Plaintiff and those similarly

5

situated for all of their overtime hours worked at a time and one-half overtime premium in most, if not all, workweeks throughout the relevant period.

47. The additional persons who may become Plaintiffs in this action are Defendant's hourly-paid On-Call Technicians and/or Technicians who maintained/parked their company vehicle at their homes, who were required to complete Defendant's Inspection Report off-the-clock before and after their shifts, and were therefore not compensated at a time and one-half overtime premium for all of their hours worked over forty (40) in one or more workweeks.

48. Defendant's off-the-clock policy or practice was, and is, applicable to Plaintiff and the Class Members.

49. Application of this policy or practice does/did not depend on the personal circumstances of the Plaintiff or the Class Members.

50. The same policy or practice that resulted in the improper payment of overtime wages to Plaintiff applied, and continues to apply, to all Class Members. Accordingly, the Class Members are properly defined as:

> **All On-Call Technicians and/or Technician's who work/worked for Defendant nationwide within the last three years, who were required to complete Defendant's "Daily Vehicle Inspection Report" before and after they clocked-in for their scheduled shifts, and were therefore not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks as required by the FLSA.**

51. Despite the fact the numerous employees brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention throughout their employment, Defendant refused to pay Plaintiff and those similarly-situated their proper compensation as required by the FLSA.

52. Defendant did not act in good faith or reliance upon any of the following in

formulating their pay practices:

    a.    case law;

    b.    the FLSA, 29 U.S.C. § 201, *et seq.*;

    c.    Department of Labor Wage and Hour Opinion Letters; and/or

    d.    the Code of Federal Regulations.

53. During the relevant period, Defendant violated the FLSA by retaining employees in an enterprise engaged in commerce, or in the production of goods and services for commerce, within the meaning of the FLSA for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

54. Defendant's failure to compensate the Class Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek results from Defendant's policy or practice that applied, and continues to apply, to all similarly-situated employees, companywide.

55. Defendant acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

56. Defendant failed to maintain accurate records for Plaintiff and the Class Members' work hours in accordance with the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

57. Plaintiff re-alleges and reincorporates paragraphs 1 through 56 as if fully set forth herein.

58. Plaintiff worked in excess of forty (40) hours per week.

59. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours each workweek.

60. Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours each week.

61. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

62. Defendant's actions were willful and/or manifested a reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all of his hours worked in excess of forty (40) hours per workweek when Defendant knew, or should have known, such was, and is due to Plaintiff.

63. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

64. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for his hours worked over forty (40) hours per work week, plus liquidated damages.

65. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

66. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally required them to perform a substantial amount of work off-the-clock each week.

67. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff are/were not paid proper overtime for all hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half of their regular rate of pay for such hours.

**COUNT II**
**DECLARATORY RELIEF**

68. Plaintiff re-alleges and reincorporates paragraphs 1 through 56 of the Complaint as if fully set forth herein.

69. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

70. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

71. Plaintiff may obtain declaratory relief.

72. Defendant employed Plaintiff.

73. Defendant is an enterprise.

74. Plaintiff was individually covered by the FLSA.

75. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207.

76. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

77. Defendant did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

78. Plaintiff is entitled to an equal amount of liquidated damages.

79. It is in the public interest to have these declarations of rights recorded.

80. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

81. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

82. Plaintiff demands a trial by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

a. An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b. An Order compelling Defendant to disclose the names and addresses of all Class Members and permitting Plaintiff to send notice of this action all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Class Members of their right to join and participate in this lawsuit;

c. An Order declaring that Defendant violated the FLSA and its regulations;

d. An Order declaring Defendant's violations of the FLSA were willful;

e. An Order granting judgment in favor of Plaintiff, and against Defendant, awarding Plaintiff and the Class Members the full amount of damages and liquidated damages available by law;

f. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

g. Awarding Plaintiff pre-judgment and/or post-judgment interest;

h. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

i. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 9th day of August, 2018.

Respectfully Submitted,

By: /s/ *Michael N. Hanna*
Michael N. Hanna, Esq.
Florida Bar No.: 85035
Chanelle Joy Ventura, Esq.
Florida Bar No.: 1002876
Morgan & Morgan, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3039
Email: MHanna@forthepeople.com
CVentura@forthepeople.com
*Attorneys for Plaintiff*