UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSCAR DOZIER, individually on
behalf of himself and other
similarly situated employees,

      Plaintiff,

v.                              Case No.  3:18-cv-972-BJD-MCR

DBI SERVICES, LLC., a Foreign Limited
Liability Company,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve FLSA Settlement ("Joint Motion") (Doc. 118).  The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution.  The parties seek court approval of their Settlement Agreement (Doc. 118-1 at 1-11), dismissal of this action with prejudice, and ask the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.  (Doc. 118 at 2.)  However, the parties have failed to provide the Court with sufficient information to determine whether the Settlement Agreement should be approved as a "fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

First, the proposed Settlement Agreement provides for a service award of $7,500 to Plaintiff Dozier. (Doc. 118-1 at 4-5.) However, the parties fail to discuss the Eleventh Circuit's decision in *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1261 (11th Cir. 2020), *mandate withheld*, No. 18-12344 (Nov. 9, 2020), prohibiting service awards to class representatives. In light of *Johnson*, some judges this District have "deferred ruling on the service award issue until *Johnson* is more settled." *See, e.g.*, *Mosley v. Lozano Ins. Adjusters, Inc.*, No. 3:19-cv-379-J-32JRK, 2021 WL 293243, at *5 (M.D. Fla. Jan. 11, 2021) (report and recommendation adopted by 2021 WL 289031 (M.D. Fla. Jan. 28, 2021)) (citing *Harvey v. Hammel & Kaplan Co., LLC*, No. 3:19-cv-640-J-32JRK, 2020 WL 7138568, at *1 (M.D. Fla. Dec. 7, 2020)) ("The undersigned recommends deferring a ruling on the service award issue until *Johnson* is more settled, but going forward with approving the rest of the parties' requests. The Court can and should retain jurisdiction to decide the service award issue in this circumstance."). *But see Poblano v. Russell Cellular Inc.*, No. 8:19-cv-265-T-KKM-AAS, 2021 WL 2914985, at *1 (M.D. Fla. June 10, 2021) (rejecting the parties' request to stay ruling on the settlement agreement's service awards provision in light of *Johnson*, noting that "it is blackletter law in the Eleventh Circuit that district courts cannot grant incentive awards to named parties as part of a class-action settlement agreement" and that the parties "misunderst[ood] the significance of

2

withholding mandate," and finding that "because the parties' proposed settlement agreement include[d] a service-awards provision not clearly severable from the agreement, the Court [could not] find that the settlement [was] a fair and reasonable compromise of bona fide disputes of FLSA claims"). As such, the parties are directed to submit a joint statement to the Court addressing the impact of *Johnson* on the parties' Joint Motion and proposed Settlement Agreement.

Second, the Joint Motion seeks approval of Plaintiffs' counsel's fees in the amount of $500,000 and $22,826 "for reimbursement of some (but not all) of the costs incurred so far in the three years of collective action litigation." (Doc. 118 at 22.) However, Plaintiffs' counsel failed to attach any billing records or other documents in support of the requested attorneys' fees or request for costs, and, while the parties provide a general description of the costs in the Joint Motion (*id.* at 22), the undersigned finds this is insufficient.

Although the Court need not conduct an in-depth analysis of the reasonableness of counsel's fees given that the fees and costs have been negotiated separately from the amount to be paid to Plaintiff(s), the Court still needs an adequate basis to determine the reasonableness of the fees and costs. *See, e.g.*, *Metzler v. Med. Mgmt. Int'l, Inc.*, No. 8:19-cv-2289-T33CPT, Doc. 111 (M.D. Fla. Sept. 15, 2020) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353) ("Because this is an FLSA case, the Court is duty-bound to scrutinize

3

the settlement and attorney's fees to ensure reasonableness. . . . Accordingly, plaintiffs' counsel is directed to provide this Court with hourly billing records documenting the time and resources expended in this case, which should include the hourly rate of the attorneys and the number of hours allocated to this case.). To that end, the Court needs to review Plaintiffs' counsel's contemporaneous time records reflecting each billing timekeeper, the billing rate for each timekeeper, the amount of time billed, the tasks billed for, an itemization of costs incurred, and any other evidence the parties wish the Court to consider in support of the fees and costs amount submitted for the Court's approval. Therefore, these records should be provided in a separate filing. *See, e.g.*, *Mosley*, 2021 WL 293243, at *1 (referencing and relying on information in the attorneys' declarations and supporting costs and expenses documentation in deciding whether to recommend approval of the parties' settlement agreement in an FLSA collective action).

      Third, although the Settlement Agreement indicates that the parties "shall promptly move the Court in the Action for an order . . . [a]pproving notice and mailing to the Opt-in Plaintiffs of the Claim Form" (*see* Doc. 118-1), the Joint Motion does not specifically address the adequacy of the notice or specifically request Court-approval of the same. The parties are directed to provide supplemental briefing, supported by relevant legal authority,

4

addressing the Class Member Opt-in Settlement Agreement and Release (Doc. 118-1 at 25-26 ("Exhibit B")), and also addressing the parties' proposed timeline which does not provide participating Opt-in Plaintiffs with the opportunity to object to the terms of the Settlement Agreement.[1]

Accordingly, it is **ORDERED**:

1. The Joint Motion (**Doc. 118**) is **TAKEN UNDER ADVISEMENT.**

2. The parties shall supplement the Joint Motion in accordance with this Order no later than **November 18, 2021**.

**DONE AND ORDERED** at Jacksonville, Florida, on November 3, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[1] To the extent practicable, the parties should be prepared to address these issues during the upcoming status hearing before the undersigned.